IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RODNEY GRACZYK, DON DAVIS and JERRY RIDDLE, for themselves and all others similarly situated,<br>     Plaintiffs,<br>  v.<br><br>VERIZON COMMUNICATIONS, INC. and VERIZON SOURCING LLC,<br>     Defendants. | Case No. 20-cv-889-ABJ |

**ORDER PRELIMINARILY APPROVING
PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT**

  **AND NOW**, on March 22, 2022, upon consideration of Plaintiffs' Unopposed Motion for Preliminary Class and Collective Action Settlement Approval, it is hereby **ORDERED** as follows:

  1. The Court finds that, under the relevant standard for approving a settlement class: the proposed District of Columbia Class meets all of the requirements of Federal Rule of Civil Procedure 23 and is maintainable under Rule 23(b)(3) for settlement purposes only; there is sufficient unity of interest among members of the proposed Fair Labor Standards Act ("FLSA") collective to support collective treatment pursuant to 29 U.S.C. § 216(b) for settlement purposes only; and the proposed Settlement Class Representatives and Settlement Class Counsel are adequate and will fairly represent and protect the Class and Collective members' interests.

  2. In accordance with the Settlement Agreement, and for settlement purposes only, the Court preliminarily certifies the following:

    a. A collective action under the Fair Labor Standards Act, consisting of all persons: (i) retained to perform supplemental wireline worker services between April 1, 2016 and

1

June 30, 2016 in connection with the Verizon strike through a subcontractor retained by Dycom Industries, Inc. or a Dycom subsidiary; (ii) who were assigned to a garage located within Maryland, Virginia, Delaware, or the District of Columbia; (iii) who did not previously release FLSA claims in previous litigation; (iv) who were classified as independent contractors; (v) who worked more than 40 hours in a week at some point between April 1, 2016 and June 30, 2016 in connection with the Verizon Strike; and (iii) who were not paid overtime premiums for more than 40 hours of work in a week in connection with their work as an independent contractor during the Verizon Strike.

For settlement purposes only, an FLSA collective member who submits a Claim Form will be deemed to have consented in writing to become a party to this action for purposes of 29 U.S.C. § 216(b).

b.      A Rule 23 class action under the DCMWA and DCWPCL, consisting of all persons: (i) retained to perform supplemental wireline worker services between April 1, 2016 and June 30, 2016 in connection with the Verizon strike through a subcontractor retained by Dycom Industries, Inc. or a Dycom subsidiary; (ii) who were assigned to a garage located within the District of Columbia; (iii) who were classified as independent contractors; (iv) who worked more than 40 hours in a week at some point between April 1, 2016 and June 30, 2016 in connection with the Verizon Strike; and (v) who were not paid overtime premiums for more than 40 hours of work in a week in connection with their work as an independent contractor during the Verizon Strike.

3.      The Court appoints Rodney Graczyk, Don Davis and Jerry Riddle to serve as Settlement Class Representatives.

4.      The Court appoints James B. Zouras and David J. Cohen of Stephan Zouras LLP, Nicholas A. Migliaccio of Migliaccio & Rathod LLP and Jeremiah Frei-Pearson of Finkelstein, Blankinship, Frei-Pearson & Garber LLP as Class Counsel.

5. The Court preliminarily approves, in all respects, the Parties' Settlement Agreement which appears to be the product of serious, informed, and extensive arm's-length negotiations between the Parties and appears to be fair, adequate and reasonable to the FLSA and Rule 23 Class Members so as to fall within the range of possible final approval.

6. If final approval of the Settlement is not granted for any reason, the Parties will retain all of their rights and arguments as to whether the claims in this case are appropriate for class certification or collective certification. Nothing in this Order indicates whether the Court believes that class certification or collective certification would be appropriate if the case were to continue to be litigated.

7. The Court approves the Parties' proposed Class Notice and Claim Forms substantially in the forms submitted to the Court, and orders the Parties to proceed with dissemination of the Notice and Claim Forms as provided in the Settlement Agreement. The Court finds that the proposed process for providing notice to the Classes as set forth in the Settlement Agreement fulfills the requirements of Federal Rule of Civil Procedure 23(c)(2)(A) and/or 29 U.S.C. § 216(b), and due process, provides the best notice practicable under the circumstances and will provide adequate notice to all members of the certified collective action and class action.

8. All opt-out requests and objection requests shall be due within 30 days of the date of the Class Notice mailing.

9 Class Counsel shall file a motion for final settlement approval and approval of the proposed enhancement awards, attorney's fees and cost reimbursements 20 days before the final approval hearing date. **The motion must address the reasonableness of the proposed attorneys' fees in relationship to the total settlement amount.**

10. The Court will hold a final settlement approval hearing at 2:00 pm on

July 19, 2022 in Courtroom 3 (pursuant to 28 U.S.C. § 1715(d), at least 100 days after preliminary approval filing). At this hearing, the Court will determine whether to finally approve the proposed Settlement, enhancement awards, attorneys' fees and cost reimbursements requested by Class Counsel and whether to enter final judgment in this case in light of any written objections, opt-outs, or requests to be heard submitted in accordance with the procedures described in the Notice.

**DATE:  March 22, 2022**

_____
**UNITED STATES DISTRICT JUDGE**